**Aleia L. ROBINSON, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

**No. 03–3322.**

United States Court of Appeals,
Federal Circuit.

DECIDED: June 10, 2004.

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

Aleia L. Robinson petitions for review of the final decision of the Merit Systems Protection Board (Board) sustaining the denial by the Office of Personnel Management (OPM) of her application for disability retirement benefits under the Federal Employees' Retirement System (FERS).* We *affirm*.

The scope of our review in any appeal from the Board is limited. Generally, we must affirm a decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). In an appeal from a Board decision regarding disability retirement benefits, however, the scope of our review is even more limited. Under FERS, such appeals are governed by 5 U.S.C. § 8461(d), which provides that OPM's decisions concerning disability retirement are "final and conclusive and are not subject to review." The only exception to this rule appears in § 8461(e)(2), which provides that a disability retirement decision of the Board based on the mental condition of an involuntarily retired employee (i.e., when the disability retirement application is made "by an agency" rather than the employee) is reviewed under 5 U.S.C. § 7703. Thus, under this statutory scheme, this court may not review the factual underpinnings of physical disability determinations or, in voluntary retirement cases, mental disability determinations. *See Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 625–26 (Fed.Cir.1995). Judicial review in such cases is only available to determine "whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Id.* at 626 (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

In her appeal brief, Ms. Robinson argues only that the Board erred in finding that she failed to present sufficient evidence to satisfy the requirements for disability retirement in accordance with OPM's regulations. Because her allegations challenge the Board's factual find-

---

* *Robinson v. Office of Pers. Mgmt.*, No. CH–844E–01–0423–I–1, 94 M.S.P.R. 485 (M.S.P.B. July 21, 2003).

ings, we lack the authority to consider them. Ms. Robinson's application for disability retirement, although based in part on an alleged mental disability, was made voluntarily, and therefore her case does not fall under the exception permitting review noted above. Furthermore, Ms. Robinson has not alleged a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination. Because we are statutorily precluded from conducting the review of the underlying facts that Ms. Robinson seeks, we must affirm the decision of the Board.